THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SIERRA-FIGUEROA et al.**, *Plaintiffs*, v. **PRESBYTERIAN COMMUNITY HOSPITAL, INC., et al.**, *Defendants*. | Civil No. 24-01361 (MAJ) |

## OPINION AND ORDER

### I. Introduction

This case involves the death of a patient, Ana Figueroa Román ("Figueroa"), at Ashford Hospital in San Juan, Puerto Rico. Plaintiffs, the surviving family members of Figueroa, allege that her death was caused by medical malpractice. (**ECF No. 5 at 3**). Before the Court is a Motion to Dismiss for Failure to State a Claim filed by one of the Defendants, Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Médico – Hospitalaria ("SIMED"), asserting that the applicable statute of limitations governing Plaintiffs' claim against SIMED has expired. (**ECF No. 56**). For the reasons set forth below, the Motion to Dismiss is **DENIED**.

### II. Background

According to the allegations set forth in the First Amended Complaint ("Complaint"),[1] Ana Figueroa Román ("Figueroa") checked into Ashford Hospital on

---

[1] Plaintiffs filed the operative Complaint on October 2, 2024. (**ECF No. 5**). For the purposes of resolving this Motion, the Court treats the well-plead facts alleged in the Complaint as true. *See Boit v. Gar-*

Case 3:24-cv-01361-MAJ   Document 81   Filed 04/28/25   Page 2 of 8

Civ. No. 24-01361 (MAJ)                                                                                        Page 2

August 25, 2022 and was discharged on September 10. (**ECF No. 5 at 9 ¶¶ 40, 42**). She died two days later, on September 12, 2022. *Id*. at 9 ¶ 42. During the time that Figueroa was a patient at Ashford Hospital, Dr. Sylmarie Marrero Martínez ("Dr. Marrero") was one of the doctors charged with her care. *Id*. at 12 ¶ 62. Dr. Marrero is insured by SIMED. *Id*. **at 5 ¶ 10**); (**ECF No. 56 at 1**).

On August 24, 2023 – less than one year after the death of Figueroa – SIMED received a letter from Plaintiffs that stated their intention to file this case. (**ECF No. 57-1**) (the "tolling letter"). The tolling letter read, in relevant part, "The purpose of this letter is to make a monetary demand and toll the statute of limitations regarding patient Ana V. Figueroa Roman." (**ECF 57-1 at 8**). The tolling letter does not specifically name Dr. Marrero. Nor does it name SIMED in its capacity as the insurer of Dr. Marrero. (**ECF 57-1 at 2**). The letter does, however, name Ashford Hospital and describe the factual background of this case, making general reference to "the personnel and entities that attended to the below patient [and] their Insurers[.]" (**ECF 57-1 at 1**). On August 14, 2024, almost two years after Figueroa's death, Plaintiffs filed this lawsuit. (**ECF No. 1**). Both the original Complaint and the Amended Complaint made direct reference to the tolling letter sent to Defendants in August 2023. (**ECF 1 at 14 ¶ 94**); (**ECF 5 at 14 ¶ 74**).

### III.   Legal Standard

SIMED moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the Complaint "fail[s] to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). "Affirmative defenses, such as the statute of

---

*Tec Prod*., Inc., 967 F.2d 671, 675 (1st Cir. 1992) ("In determining whether a prima facie showing has been made, the district court is not acting as a factfinder. It accepts properly supported proffers of evidence by a plaintiff as true.").

limitations, may be raised in a motion to dismiss under [Rule] 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." *Santana-Castro v. Toledo-Dávila*, 579 F.3d 109, 113–14 (1st Cir. 2009) (citations and quotations omitted).

Ordinarily, where a motion under Rule 12(b)(6) presents "matters outside the pleadings" and those matters are "not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). However, where the matter outside the pleadings is (1) "attached to or fairly incorporated into the complaint," (2) susceptible to judicial notice, or (3) conceded in a plaintiff's response to the motion to dismiss, the Court may look outside the pleadings without converting the motion to one for summary judgment. *See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55–56 (1st Cir. 2012) (citations and quotations omitted); *Rivera v. Centro Médico del Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009). The instant Motion requires the Court to look outside the four corners of the Complaint to the tolling letter sent by Plaintiffs to SIMED. (**ECF No. 57-1**). Because the tolling letter is both "fairly incorporated into the complaint" and conceded by Plaintiff's response to SIMED'S motion, the Court looks to Rule 12(b)(6) for the governing standard. (**ECF No. 5 at 14 ¶ 74**); (**ECF No. 61 at 2**).

To resolve a 12(b)(6) motion, federal courts follow a two-step method. First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz*, 669 F.3d at 55. A complaint need not include detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Douglas v. Hirshon*, 63 F.4th 49, 55 (1st Cir. 2023) (instructing that a district court entertaining a Rule 12(b)(6) motion need

not "credit conclusory legal allegations [or] factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture"). Second, the court must take the remaining "well-[pleaded] . . . facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55 (citations and quotations omitted); *see also U.S. ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 383 (1st Cir. 2011) (stating that a 12(b)(6) motion requires the court to analyze the facts alleged in the complaint "in the light most hospitable to the plaintiff's theory"). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [the court] to draw on its judicial experience and common sense.'" *Schatz*, 669 F.3d at 55 (citations and quotations omitted).

## IV. Analysis

Under Puerto Rico law, negligence actions are subject to a one-year statute of limitations. 31 L.P.R.A. § 5298. A plaintiff may toll the statute of limitations, however, by sending an "extrajudicial" letter to an alleged tortfeasor. 31 L.P.R.A. § 5303. As the First Circuit has previously explained, under 31 L.P.R.A. § 5303, a letter served by a complainant on a tortfeasor that "complain[s] of tortious conduct and demand[s] compensation, is an extrajudicial claim that, if timely, interrupts the prescription of the cause of action in tort." *Santana-Castro v. Toledo-Dávila*, 579 F.3d 109, 114 (1st Cir. 2009). "Although prescription is an affirmative defense, once it has been raised, the burden of proving that prescription has been interrupted shifts to the plaintiff." *Tokyo Marine & Fire Ins. Co. v. Pérez & Cía. de P.R., Inc.*, 142 F.3d 1, 4 (1st Cir. 1998).

To effectively toll the limitations period, an extrajudicial letter must be "identical to the subsequently filed complaint." *Santana-Castro*, 579 F.3d at 114 (citing *Cintrón v.*

*Estado Libre Asociado de P.R.*, 27 P.R. Offic. Trans. 582 (P.R. 1990)). This "identicality" requirement dictates that the extrajudicial letter must raise claims "against the same defendants in the same capacities" as the complaint; "new defendants should not be added." *Santana-Castro*, 579 F.3d at 114.[2]

SIMED argues that dismissal is warranted because Plaintiffs failed to provide timely notice of their claims as to either Dr. Marrero, or to SIMED specifically in its capacity as the insurer of Dr. Marrero. (**ECF No. 56 at 10–11**). By making only a general reference to "the personnel and entities that attended to the . . . patient[,]" SIMED argues, the tolling letter was not effective as to either Dr. Marrero or SIMED in its capacity as the insurer of Dr. Marrero. (**ECF 57-1 at 1**); (**ECF No. 56 at 10–11**).[3]

Plaintiffs, on the other hand, argue that the tolling letter was effective against Dr. Marrero – and, by extension, SIMED – under the doctrine of "perfect solidarity." (**ECF No. 61 at 2**). Under Puerto Rico law, "perfect solidarity" exists "between several persons joined by a common interest, which have frequent relations among themselves or know each other" such that "tolling as to one co-tortfeasor will toll [the limitations period] as to the rest." *Calderón-Amézquita v. Rivera-Cruz*, 483 F. Supp. 3d 89, 106 (D.P.R. 2020)

---

[2] The identicality requirement for extrajudicial letters also requires that the extrajudicial letter and the subsequent complaint seek the same form of relief and be based on the same substantive claims. *Santana-Castro*, 579 F.3d at 114. Because those two prongs of the test are not at issue here, the Court does not address those requirements.

[3] As noted above, the tolling letter does make general reference to "the personnel and entities that attended to the below patient [and] their Insurers[.]" (**ECF 57-1 at 1**). Plaintiffs argue that this general reference to all possible parties involved in the treatment of Figueroa effectively tolled the statute of limitations as to Dr. Marrero and SIMED as her insurer. According to Plaintiffs, "a lawsuit against a generically-named defendant will, in most circumstances, toll the statute of limitations against that defendant" because "tolling letters are subject to far less stringent requirements than formal legal complaints." (**ECF No. 61 at 7**); *cf. Santana-Castro*, 579 F.3d at 114–15 (1st Cir. 2009) (noting that the Puerto Rico Supreme Court has provided "potentially contradictory guidance" on the identicality requirement, holding both that extrajudicial claims must be "interpreted restrictively against the party invoking their protection" and that they must be read in their "totality and in a liberal fashion"). Because the Court finds that "perfect solidarity" exists between Dr. Marrero and Ashford Hospital, the tolling letter was effective on that basis, and the Court need not address this argument.

(quotations and citations omitted). Where perfect solidarity exists, "each co-tortfeasor need not be named within the statute of limitations period in order for a plaintiff's claim to survive a time-barred defense." *Id.* If, however, the individual tortfeasors are related in a "merely accidental" or "sporadic" manner, such that the liability of each is "autonomous from that of the others[,]" solidarity between the parties is "imperfect." *Ramírez-Ortiz v. Corporación Del Centro Cardiovascular de P.R. y Del Caribe*, 994 F. Supp. 2d 218, 222 (D.P.R. 2014) (citations and quotations omitted). Where solidarity is imperfect, "the statute of limitations must be tolled as to each individual tortfeasor." *Calderón-Amézquita*, 483 F. Supp. 3d at 106.

### A. Perfect Solidarity Exists Between Dr. Marrero and Ashford Hospital

Under Puerto Rico law, where vicarious liability exists, so too does perfect solidarity. *Ramírez-Ortiz*, 994 F. Supp. 2d at 224. Hospitals are vicariously liable for the negligent acts of the doctors they employ. 31 L.P.R.A. § 5142; *see also Emilia Cruz v. Cintrón-Ortiz*, 115 D.P.R. 598, 613 (P.R. 1984). As such, perfect solidarity exists in medical malpractice cases between a hospital and its physicians. *Ramírez-Ortiz*, 994 F. Supp. 2d at 224.

The Complaint alleges that Dr. Marrero treated Figueroa when the latter was a patient at Ashford Hospital. (**ECF No. 5 at 11–12 ¶¶ 60–62**). Construing the facts alleged in the Complaint "in the light most hospitable" to Plaintiffs, the allegation that Dr. Marrero treated Figueroa establishes a plausible basis to believe that Dr. Marrero was employed by Ashford Hospital. *U.S. ex rel. Hutcheson*, 647 F.3d at 383. Based on the well-plead allegations in the Complaint, then, Dr. Marrero was in perfect solidarity with Ashford Hospital. Because the tolling letter was addressed to Ashford Hospital, (**ECF No. 57-1 at 1**), the tolling letter was effective as to Dr. Marrero.

**B. Perfect Solidarity Exists Between Dr. Marrero and SIMED**

Where an extrajudicial letter effectively tolls the statute of limitations for a direct action against an insured party, the extrajudicial letter generally tolls the limitations period against that party's insurer as well. *Arroyo-Torres v. González-Méndez*, 212 F. Supp. 3d 299, 304 (D.P.R. 2016); *see also Tokyo Marine & Fire Ins. Co.*, 142 F.3d at 7 (holding that "insured defendants and their insurance companies are solidarily liable" under Puerto Rico law such that an extrajudicial letter issued to the insurer is effective against the insured); *see also Milicevic v. Bayamón Hotel Co. LLC*, Civ. No. 22-1202, 2024 WL 404544, at *7 (D.P.R. Feb. 2, 2024) (holding that timely filing of complaint against one tortfeasor may effectively toll statute of limitations as to joint tortfeasors and their insurers).

The Court notes that an "insurer's tort solidarity may not be presumed. Instead, tort solidarity should clearly arise from the insurance contract and the insurer's tort liability will always be limited to what is established in the terms of the agreement." *Morales-Figueroa v. Valdés*, No. CV 15-1365 (DRD), 2016 WL 1171512, at *7 (D.P.R. Mar. 24, 2016). In other words, SIMED and Dr. Marrero are only in perfect solidarity to the extent that SIMED is liable to Dr. Marrero under the terms of their contract. *See Arroyo-Torres v. González-Méndez*, 212 F. Supp. 3d 299, 302 (D.P.R. 2016). However, because that insurance contract is not currently part of the record, here, as in *Colón-Torres*, "the Court is in no position to determine the type of solidarity shared between said codefendants." *Colón-Torres v. BBI Hosp. Inc.*, 552 F. Supp. 3d 186, 195 (D.P.R. 2021); *see also Morales-Figueroa v. Valdés*, Civ. No. 15-1365, 2016 WL 1171512, at *7 (D.P.R. Mar. 24, 2016) (denying motion to dismiss claims against insurance company where defendants provided "no evidence that . . . insurance contract [did] not include a solidarity

clause). By asserting that SIMED is the insurer of Dr. Marrero, the Complaint alleges sufficient facts to establish a plausible basis that SIMED and Dr. Marrero are in perfect solidarity. (**ECF No. 5 at 5 ¶ 10**). Thus dismissal is not warranted.

## V. Conclusion

For the reasons set forth above, the Court finds that Plaintiffs effectively tolled the statute of limitations as to both Dr. Marrero and SIMED. Accordingly, the Motion to Dismiss is **DENIED** without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of April, 2025.

                                       **_/s/ María Antongiorgi-Jordán_**
                                       **MARIA ANTONGIORGI-JORDAN**
                                       **UNITED STATES DISTRICT JUDGE**